Meyer, et al v. Karp, et al.    [Vol. 26 (N.S.)

## GUARDIANSHIP OF CHILDREN WHERE ONE PARENT IS LIVING.

Common Pleas Court of Hamilton County.

JOSEPH MEYER, ET AL, EXECUTORS, V. GILBERT KARP, ET AL.

Decided, May 1, 1926.

*Wills—Trust Companies Disqualified as Trustees or Guardians, when—Directions as to a Contribution to a Going Business.*

1. A bequest "to my children, Joseph, Ida and Harry, a one-seventh interest in the property located" etc., will be interpreted as a one-seventh to each, where the testator left six children and his wife, and divided his property into sevenths, and specifically bequeathed one-seventh each to his wife and the other three children.
2. In cases where one of the parents survives, the statute does not permit of appointment of a trust company as guardian of the children.
3. A direction that the proceeds of certain notes be "put into the furniture business," construed to mean that this fund was to be used in carrying on the business and subject to the debts of the business, and to be divided as otherwise directed in the event the business ceased to exist.

*E. W. Grischy* and *S. I. Lipp*, counsel for plaintiffs.
*William A. Stark*, for The Union Trust Comapny.

DARBY, J. ﹡

In this action the executors ask the judgment and direction of the court as to the true construction of certain clauses of the will of Louis Karp, deceased.

The first question submitted to the court relates to the true meaning of Item 6 of the will, which is in these words:

"I give and bequeath to my children, Joseph, Ida and Harry, a one-seventh interest in the property located ." etc. "of which I own a one-third interest (title appearing only in the names of Ben and Morris Karp in 711-13 Central Avenue, and my name appearing as owner of 715 Central Avenue."

The question presented is as to whether or not the testator intended to give to the three children named in

that clause one-seventh interest in the property, or to each a one-seventh interest.   Other provisions of the will dispose of the remaining four-sevenths of that property. The wife is given a one-seventh as well as the three other children, all of whom are minors.   The residuary clause is in favor of the wife.   In view of the fact that the testator devised his interest in this property in one-seventh parts, and his wife and six children were his beneficiaries, it seems a more reasonable interpretation that his intention was that his wife and each of his children should have one-seventh of such property. The court is therefore of the opinion that the three children named in Item 6, Joseph, Ida and Harry, each take one-seventh interest in the property therein described.

The court is of the opinion that The Union Trust Company, named as trustee, takes no interest in the property and that it is not properly made a testamentary guardian under the laws of Ohio.   The statute seems clearly to imply that such testamentary trustees may not be appointed in case one of the parents survives.

Item 8-a of the will disposes of all the interest of the testator in what he designates his "furniture business," giving to his children, except one, a portion thereof, and the husband of the one not named in said clause takes an interest in said business.

Item 10 of the will provides that—

"The balance of money due in notes on said property located on McMillan street is to be put into the furniture business and divided according to Item 8 of my will."

The court's judgment is asked as to the meaning of Item 10, and as to the disposition of the proceeds of said McMillan street property.   The fee of that property was in the testator, but it was subject to a lease.   It is clear that the testator meant that the proceeds of the property on McMillan street, whether by way of sale of the property subject to the lease, or upon the exercise of the option of the lessee, should become a part of the furniture business and divided as provided in Item 8 of the will. That being his plain intention, it must follow that the proceeds

of the McMillan street property should be considered as either going into the business to carry it on, subject to the debts of the business, or to be divided, if the business ceased to exist and there were no debts, according to the division set forth in Item 8-a.  As the court understands the matter, there are debts of the business, and this property or its proceeds may be required to discharge thoses debts. In case it turns out that the proceeds of the sale of the McMillan street property be insufficient to pay the business debts and debts of administration, the court is of the opinion that all of the remaining real estate of the decedent is subject to the payment of the debts. which should be paid in proportion to the interests taken by the devisees under the will.  Contribution might be made to that purpose, or, if that be not effected a sale of any of the property, or all of the property might be had to pay the debts.

There is an action to partition the property owned by Louis Karp, and Morris Karp and Ben Karp.  The interest of Louis Karp in said property was devised to his three children as heretofore stated, namely, Joseph, Ida and Harry.  The proceeds of that property is not burdened with the debts of the decedent any more than any other property.